**JUVENILE COURT PROCEDURAL RULES COMMITTEE**
**FINAL REPORT[1]**

**Amendment of Pa.R.J.C.P. 191 and**
**Revision of Comment to Pa.R.J.C.P. 140**

On May 4, 2018, the Supreme Court amended Rule of Juvenile Court Procedure 191 to require that a juvenile be advised of the right to challenge a juvenile court hearing officer recommendation and for a colloquy and inquiry of post-dispositional rights when a juvenile court hearing officer recommends an adjudication of delinquency. Additionally, the Comment to Rule of Juvenile Court Procedure 140 was revised to update references to Rule 191.

On May 11, 2017, Rule 512(C) was amended to require a colloquy and inquiry of post-dispositional rights by the court "after entering disposition on the record." Pa.R.J.C.P. 512(C)(1); *see also* 47 Pa.B. 2969 (May 27, 2017). Subsequently, a question arose whether the same post-dispositional rights colloquy and inquiry should be conducted when an adjudication of delinquency arises from a recommendation of a juvenile court hearing officer.

It was not evident from the text of Rule 512 concerning dispositional hearings that the requirements set forth in Rule 512, especially paragraph (C), extended to proceedings before a juvenile court hearing officer. Absent a reference in Rule 191 to Rule 512(C), the Juvenile Court Procedural Rules Committee ("Committee") did not believe that the requirements of Rule 512(C) self-evidently applied to matters arising from a juvenile court hearing officer. The Committee believed it to be procedurally inconsistent for a colloquy and inquiry to occur when a juvenile opts to have the matter heard by a judge pursuant to Rule 187(C), but not when a juvenile appears before a hearing officer for the same case type, *i.e.,* a misdemeanor.

Rule 191 was amended to add a new subparagraph (B)(2) to require a colloquy and inquiry of post-dispositional rights when a juvenile court hearing officer recommends an adjudication of delinquency. While a hearing officer may preside over a range of matters, see Pa.R.J.C.P. 187(A), the requirement applies only to adjudications of delinquency to maintain a parallelism with Rule 512(C) - the requirement does not apply to non-adjudicatory matters such as detention hearings, discovery, and uncontested dispositional reviews.

---

[1]     The Committee's Final Report should not be confused with the official Committee Comments to the rules. Also note that the Supreme Court does not adopt the Committee's Comments or the contents of the Committee's explanatory Final Reports.

Further, a hearing officer recommendation lacks finality until acted upon by a judge. Yet, a colloquy and inquiry at that juncture would either require the juvenile to re-appear before the hearing officer or appear in front of the judge. Therefore, the advisement of post-dispositional rights is prospective in nature until a judge acts upon the juvenile court hearing officer's recommendation. In practice, the juvenile court hearing officer and the juvenile's counsel should explain to the juvenile that the post-dispositional rights are contingent and triggered upon on the court entering disposition.

Relatedly, there was no rule-based requirement that a juvenile be advised of the right to challenge a juvenile court hearing officer's recommendation pursuant to Rule 192. The Committee concluded that the juvenile should be advised of this right and it would be consistent for the rules to contain such a requirement. *See, e.g.*, Pa.R.J.C.P. 512(C) (requiring advisement of post-dispositional rights); Pa.R.J.C.P. 620(E) (requiring order denying post-dispositional motion to advise of appellate rights; Pa.R.J.C.P. 628(A)(3) (requiring order disposing of motion for *nunc pro tunc* relief to advise of appellate rights). Upon the recommendation of the Committee, Rule 191 was amended to add new subparagraph (B)(1).

The amendments will become effective July 1, 2018.